**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ART MAN CORPORATION,<br><br>                    Plaintiff,<br>          vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>                    Defendant. | Case No. 1:21-cv-00038<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND ORDER SANCTIONS PURSUANT TO FED. R. CIV. P.  37(a)(3)(B)(iii), ET SEQ., AND 37(d)(1)(A)(ii)** |

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

On August 4, 2022, Defendant Imperial Pacific International (CNMI), LLC ("IPI") was served Plaintiff's First Request for Production of Documents to Defendant Imperial Pacific International (CNMI), LLC and Plaintiff's First Set of Interrogatories to Defendant Imperial Pacific International (CNMI), LLC (hereinafter collectively referred to as "Discovery Requests"). Because IPI failed to meet the Federal Rules of Civil Procedures deadlines, they should be ordered to show cause why sanctions should not be imposed. IPI should be ordered to pay attorneys' fees

and costs and the Court should impose other sanctions, including striking IPI's answer and enter IPI in default.

## II.  FACTUAL BACKGROUND

On April 7, 2022, the Court entered a scheduling order. (ECF No. 9) The fact discovery deadline is on November 15, 2022 and the Fact Discovery Motions Deadline is on December 15, 2022. *Id.*

On August 4, 2022, my office served Discovery Requests to IPI's counsel at the time, Joey P. San Nicolas. IPI was required to serves its responses or objections to the Discovery Requests within 30 days, i.e., before or on September 5, 2022. On June 15, 2022, IPI's counsel, Joey P. San Nicolas, filed a Motion to Withdraw as Counsel for Defendant Imperial Pacific International (CNMI), LLC. (ECF No. 15). On August 4, 2022, the Court granted Joey P. San Nicolas' Motion to Withdraw as Counsel for Defendant Imperial Pacific International (CNMI), LLC. (ECF No. 17). The Court informed Defendant that it cannot be represented by a non-lawyer and scheduling order would be enforced. Tao Xing, IPI's representative, and Howyo Chi, IPI's registered agent, who were present during the hearing were fully aware of this. *Id.* Notwithstanding, IPI was required to serve its responses to the Discovery Requests on or before September 5, 2022. IPI failed to serve or provide its responses to Plaintiff's Discovery Requests on or before September 5, 2022. On October 6, 2022, undersigned's office served IPI a Meet and Confer Letter. *See* Thompson Decl. ¶ 9. IPI was supposed to meet and confer with undersigned at undersigned's office on October 12, 2022 at 11:00 a.m. *See* Thompson Decl. ¶ 10. IPI's registered agent, Howyo Chi, confirmed receipt of the Meet and Confer Letter on October 6, 2022. *See* Thompson Decl. ¶ 9. On October 12, 2022, Howyo Chi failed to meet and confer

despite the agreed upon time and place. Undersigned has, in good faith, attempted to comply with meet and confer obligations provided in Fed. R. Civ. P. 37(a)(1).

### III. COUNSEL ATTEMPTED TO CONDUCT A MEET AND CONFER, WITHIN LR 26.2

Plaintiff's counsel attempted to meet and conferred with IPI's registered agent, Howyo Chi, about the Discovery Requests. *See* Thompson Decl. ¶¶ 6-11. Howyo Chi was served through the Court-ordered medium (ECF No. 17) described in the Minute Entry. *See* Thompson Decl. ¶ 6. Howyo Chi was silent, and implicitly did not object, to the time and place set in the Meet and Confer Letter. *See* Thompson Decl. ¶¶ 6-9. Howyo Chi failed to meet and confer or contact undersigned that he couldn't meet and confer on the agreed upon time and place. *See* Thompson Decl. ¶¶ 11-12. On October 13, 2022, Undersigned met and conferred with Howyo Chi in the United States District Court for the Northern Mariana Islands. *See* Thompson Decl. ¶ 13. Howyo Chi represented that IPI was unable to comply with Discovery Requests because it does not have an attorney. On October 14, 2022, my office served Howyo Chi a letter that advises Howyo Chi that a Motion to Compel will be filed against IPI. *See* Thompson Decl. ¶ 16.

### IV. LEGAL ARGUMENT

#### A. Legal Standard

Upon receipt of a Fed. R. Civ. P. 34 Request for Production of Documents, "[t]he party to whom the request is directed must respond in writing within 30 days…" Fed. R. Civ. P. 34(b)(2)(A). The purpose is to "produce and permit the requesting party or its representative to inspect, copy, test, or sample" any designated document or electronically stored information. Fed. R. Civ. P. 34(a)(1).

A party may move the Court to compel the responding party to produce documents if the responding party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv)

Upon receipt of a Fed R. Civ. P. 33 Interrogatories to Parties, "[t]he responding party must serve its answer and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." *Id.* The answer must include all information within the party's possession, custody, or control, or known by the party's agents. *See Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l missionary Soc'y*, 298 F.R.D. 633, 647 (S.D. Cal. 2014).

A party may move the Court to compel the responding party to answer an interrogatory if the "party fails to answer an interrogatory submitted under Rule 33…." Fed. R. Civ. P. 37(a)(3)(B)(iii).

The Court may, upon motion, order sanctions against a party if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).

V.  ANALYSIS

   A.   IPI did not Serve Responses to Discovery Requests

IPI was properly served Discovery Requests by undersigned on August 4, 2022. *See* Thompson Decl. ¶¶ 2-3. IPI was required to serve its responses to Discovery Requests before or on September 5, 2022, 30 days after service of the Discovery Requests. IPI failed to serve responses to the properly served Discovery Requests. IPI was given actual notice that it was

served the Discovery Requests. Undersigned attempted to meet and confer with IPI's registered agent, in lieu of IPI failing to acquire on-island counsel. Despite the good-faith attempt by Undersigned, IPI failed to meet and confer. *See* Thompson Decl. ¶ ¶ 11-12.

### B. IPI does not have Counsel

On August 4, 2022, the Court granted Attorney Joey P. San Nicolas' Motion to Withdraw as IPI's counsel. Two months have passed and IPI has failed to obtain local counsel as required by LR. 83.5(b)(6). Furthermore, "Only members of this Court's bar or an attorney otherwise authorized by these Rules to practice before this court may appear for a party, sign stipulations, received payment or enter satisfaction of a judgment, decree or order." *See* LR 83.3. IPI cannot be represented by a counsel who is not authorized to practice before this court.

### C. IPI Should be Sanctioned for its Discovery Delays

IPI failed to provide responses within 30 days of being served the Discovery Requests. IPI failed to attend the good-faith attempt made by undersigned to meet and confer. A party may move the Court to order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). IPI was properly served by undersigned by delivering it to Defendant's attorney office, San Nicolas Law Office, LLC. *See* Thompson Decl. ¶¶ 2-3. Defendant should have or did know that it was required to serve responses. Despite such notice, Defendant failed to do so. The Court should sanction IPI for its egregious conduct. Reasonable sanctions include: "(1) costs and attorneys' fees incurred in filing a motion to compel; (2) monetary sanctions against the non-complying party and its counsel…." *Great Am. Ins. Co. of New York*, 251 F.R.D. 534, 542-43 (D. Nev. 2008) (internal citations omitted) (referring to a

Rule 30(b)(6) request) Reasonable sanctions also include striking the pleadings in whole or in part. *See* Fed. R. Civ. P. 37(d)(3); Fed R. Civ. P. 37(b)(2)(A).

Plaintiff incurred costs in bringing this Motion. Plaintiff will provide the details if the Court grants this Motion.

**VI.     CONCLUSION**

Based upon IPI's failure to provide responses to the Discovery Requests, Plaintiff moves this Court to issue an order requiring IPI to appear and to show cause why sanctions pursuant to Fed. R. Civ. P. Rule 37(d)(3) should not be imposed.

Respectfully submitted on October 14, 2022.

/s/ Colin. M. Thompson
**THOMPSON LAW, LLC**
Colin M. Thompson
*Attorney for Plaintiff*